FILED
2018 Mar-26  AM 09:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

ROCKY JOE MERTENS,                    )
                                      )
      Plaintiff,                     )
                                      )
v.                                    )     Case No.  3:17-cv-01747-LSC-JEO
                                      )
SHERIFF SHANNON OLIVER, et al.,       )
                                      )
      Defendants.                    )

## REPORT AND RECOMMENDATION

The plaintiff has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, alleging violations of his rights under the Constitution or laws of the United States. (Doc. 1).  The plaintiff names the following defendants in the complaint: Franklin County Jail, Sheriff Shannon Oliver, Captain Theresia Qualls, Sergeant Timothy Bagget, and Correctional Officer Felix Mojica.  (*Id.* at 2-3).  The plaintiff seeks monetary and injunctive relief.  (*Id.* at 5).  In accordance with the usual practices of this court and 28 U.S.C. § 636(b)(1), the complaint was referred to the undersigned magistrate judge for a preliminary report and recommendation.  *See McCarthy v. Bronson*, 500 U.S. 136 (1991).

## I. Standard of Review

The Prison Litigation Reform Act, as partially codified at 28 U.S.C. § 1915A, requires this court to screen complaints filed by prisoners against

government officers or employees.  The court must dismiss the complaint or any portion thereof that it finds frivolous, malicious, seeks monetary damages from a defendant immune from monetary relief, or which does not state a claim upon which relief can be granted.  *Id.*  Moreover, the court may *sua sponte* dismiss a prisoner's complaint prior to service.  *See* 28 U.S.C. § 1915A(a).

Under § 1915A(b)(1) and § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit or the claim seeks to enforce a legal right that clearly does not exist.  *Id*. at 327.

Moreover, a complaint may be dismissed pursuant to 28 U.S.C. § 1915A (b)(1) for failure to state a claim upon which relief may be granted.  A review on this ground is governed by the same standards as dismissals for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See Jones v. Bock*, 549 U.S. 199, 215 (2007).  In order to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'show that the pleader is entitled to

2

relief.'"  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 557 (2007) (alteration incorporated).  But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id*.  Similarly, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted.  *Jones v. Bock*, 549 U.S. at 215.

*Pro se* pleadings "are held to a less stringent standard than pleadings drafted by attorneys" and are liberally construed.  *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006).  However, they still must allege factual allegations that "raise a right to relief above the speculative level."  *Saunders v. Duke,* 766 F.3d 1262, 1266 (11th Cir. 2014) (internal quotation marks omitted).

## II. Factual Allegations

On or about August 20, 2017, Sergeant Timothy Bagget and Correctional Officer Felix Mojica informed the plaintiff that if he was not Hispanic, he could not attend Christian church services.  (Doc. 1 at 4-5).  The plaintiff states Bagget and Mojica repeated the statement in front of other inmates in medium security population.  (*Id*.).   The plaintiff claims that Guatemalan inmates are allowed to attend Christian services.  (*Id*. at 8).

The plaintiff submitted a grievance in which he complained that Bagget and Mojica denied him access to religious services.  (Doc. 1 at 7).  The plaintiff states

his grievance was "denied which [shows] that it was viewed by head staff members." (*Id*.).

### III. Analysis

#### A. Franklin County Jail

The plaintiff names the Franklin County Jail as a defendant. (Doc. 1 at 1). However, the Franklin County Jail is not a legal entity subject to suit under 42 U.S.C. § 1983 and therefore not a proper defendant in this action. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). Accordingly, the plaintiff's claims against the Franklin County Jail are due to be dismissed for failure to state a claim upon which relief can be granted.

#### B. Sergeant Bagget & Correctional Officer Mojica

The plaintiff alleges Sergeant Bagget and Correctional Officer Mojica refused to allow him to attend religious services on August 20, 2017, because of his race. (Doc. 1 at 4-5). Liberally construing the plaintiff's complaint, he alleges Bagget and Mojica violated his First Amendment right to exercise his religion and his Fourteenth Amendment right to equal protection based on his race. The plaintiff has alleged sufficient facts to warrant a response from defendants Bagget and Mojica concerning his First and Fourteenth Amendment claims.

### C. Sheriff Oliver & Captain Qualls

The plaintiff names Sheriff Oliver and Captain Qualls as defendants, but fails to set forth specific factual allegations against these individuals. (Doc. 1). To the extent the plaintiff seeks to hold Sheriff Oliver and Captain Qualls liable based on their supervisory positions, "[i]t is well established in this circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates 'on the basis of respondeat superior or vicarious liability.'" *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999) (quoting *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994)). Nevertheless, "[s]upervisory liability under section 1983 may be shown by either the supervisor's personal participation in the acts that comprise the constitutional violation or the existence of a causal connection linking the supervisor's actions with the violation." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988).

At most, the plaintiff claims that he submitted a grievance in which he complained that Bagget and Mojica prohibited him from attending religious services and his grievance "was denied which [shows] that it was viewed by head staff members." (Doc. 1 at 6). However, the plaintiff does not allege he has personal knowledge that Oliver and Qualls personally denied his grievance or that they were otherwise aware that Bagget and Mojica violated his constitutional rights by denying him access to religious services based on race.

Neither has the plaintiff shown a causal connection between Oliver and Qualls and the alleged constitutional violations.

> A causal connection may be established when: 1) a "history of widespread abuse" puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he or she fails to do so; 2) a supervisor's custom or policy results in deliberate indifference to constitutional rights; or 3) facts support an inference that the supervisor directed subordinates to act unlawfully or knew that subordinates would act unlawfully and failed to stop them from doing so.

*Valdes v. Crosby*, 450 F.3d 1231, 1237 (11th Cir. 2006) (citing *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003)).   "The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." *West v. Tillman*, 496 F.3d 1321, 1329 (11th Cir. 2007) (internal quotation marks and citation omitted).

The plaintiff has alleged only one incident in which officers allegedly denied him access to religious service because of his race.  (Doc. 1 at 4-5).  This one incident, by itself, does not constitute widespread abuse such that the supervisory defendants were on notice of the need to correct the alleged deprivation. Furthermore, the plaintiff does not allege that these defendants implemented an affirmative custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights or that they directed their subordinates to act unlawfully or knew they would act unlawfully and failed to stop them from doing

so.  Therefore, the plaintiff has failed to sufficiently allege a claim for supervisory liability against defendants Oliver and Qualls and these defendants are due to be dismissed.

## IV. Recommendation

For the reasons stated above, the undersigned **RECOMMENDS** all claims in this action, except the plaintiff's First Amendment religion claims and his Fourteenth Amendment equal protection claims against defendants Bagget and Mojica, be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b)(1), for failing to state a claim upon which relief can be granted.  The undersigned **FURTHER RECOMMENDS** the remaining claims be **REFERRED** to the undersigned for further proceedings.

## V. Notice of Right to Object

The plaintiff may file specific written objections to this report and recommendation.  Any objections must be filed with the Clerk of Court within fourteen (14) calendar days from the date the report and recommendation is entered.  Objections should specifically identify all findings of fact and recommendations to which objection is made and the specific basis for objection. Failure to object to factual findings will bar later review of those findings, except for plain error.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986); *Dupree v. Warden*, 715 F.3d 1295,

7

1300 (11th Cir. 2013). Objections also should specifically identify all claims contained in the complaint that the report and recommendation fails to address. Objections should not contain new allegations, present additional evidence, or repeat legal arguments.

On receipt of objections, a United States District Judge will make a *de novo* determination of those portions of the report and recommendation to which specific objection is made and may accept, reject, or modify in whole or in part, the findings of fact and recommendations made by the magistrate judge. The district judge also may refer this action back to the magistrate judge with instructions for further proceedings.

The plaintiff may not appeal the magistrate judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. The plaintiff may only appeal from a final judgment entered by a district judge.

**DATED** this 26th day of March, 2018.

_____
**JOHN E. OTT**
Chief United States Magistrate Judge